# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDA TAYLOR COPPRUE,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF AGRICULTURE,
　　　　　　Agency.

DOCKET NUMBER
DA-0351-11-0305-X-1

DATE: February 23, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Terrence J. Johns, New Orleans, Louisiana, for the appellant.

Cheri G. Alsobrook, Sandy S. Francois, and Thomas E. Dunn, New
　　　Orleans, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## ORDER

¶1　　　This case is before the Board on the appellant's petition to enforce a final decision ordering the agency, which separated the appellant pursuant to a reduction in force (RIF), to reassess her qualifications for certain positions and, if it found her qualified for one of the positions or a like position, to cancel her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

separation and pay her back pay, interest on back pay, and adjust her benefits. *Copprue v. Department of Agriculture*, MSPB Docket No. DA-0351-11-0305-I-1 (Initial Decision, March 23, 2012);[2] Initial Appeal File (IAF), Tab 31. The administrative judge recommended that the Board grant the appellant's petition for enforcement. Compliance File (CF), Tab 5. The agency has filed evidence in response to the recommendation, and the appellant has filed a reply. For the reasons discussed below, we find the agency in noncompliance with the Board's final order.

¶2        Pursuant to 5 U.S.C. § 1204(a)(2), the Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The agency bears the burden of proving that it has complied. *See Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 441 (1996). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by understandable documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).

¶3        Here, the final Board order directed the agency to reassess the appellant's qualifications for the positions of Program Analyst, GS-0343; Civilian Pay Technician, GS-0544; Financial Management Assistant, GS-0503; and Accounting Technician, GS-0525, at and below the GS-07 level, utilizing the information in the appellant's Official Personnel File, her 2005 résumé, and any documents submitted in response to the agency's May 16, 2005 data call. IAF, Tab 31 at 26. If the agency found the appellant qualified for one of those positions, it was ordered to cancel the appellant's separation and place her in one of the positions or a position of like grade, pay, tenure, and commuting area. *Id*.

¶4        In response, the agency has submitted affidavits and charts indicating that its reassessment determined that the appellant was not qualified for a position in

---

[2] The administrative judge's initial decision became final on April 27, 2012, when neither party filed a petition for review. *See* 5 C.F.R. § 1201.113.

any series.[3] Compliance Referral File (CRF), Tabs 12-16. Upon review of the agency's evidence, we find that the agency has not provided sufficient evidence or explanation as to why the appellant does not qualify for any positions at the GS-05 and GS-04 levels. The agency's reassessment focuses almost exclusively on positions at the GS-07 and GS-06 levels. *See*, *e.g.*, CRF, Tab 12 at 5 (the appellant's duties did not provide her with "specialized experience for any of the 0343, 0503, and 0525 positions above the GS-05 level that were reviewed"); *id.* at 6 (upon reassessment, the appellant did not qualify for the GS-0343-06/07, GS-0525-06/07, and GS-0503-06/07 positions); CRF, Tab 14 at 4 (stating that the appellant does not qualify for 0503 series positions at GS-06 or GS-07); CRF, Tab 15 (stating that the appellant does not qualify for GS-0525-06 and 07 positions).

¶5 As discussed in the Board's final decision, the chief of the agency's RIF team testified that the appellant qualified for all GS-04 positions and GS-0503-05 positions. IAF, Tab 31 at 14. The agency does not adequately explain why, upon reassessment, it did not find the appellant qualified for any GS-04 or GS-05 position. For instance, the agency states that the appellant is not qualified for "a GS-0503-05/06/07 position by virtue of educational achievement." CRF, Tab 14 at 6. This is the same language, verbatim (Compare: CF, Tab 4 at 9), that the administrative judge correctly characterized as no more than a "conclusory assessment." CF, Tab 5 at 6. The agency has not provided sufficient evidence or explanation regarding its reassessment of the appellant's qualifications for GS-04 and GS-05 positions.

¶6 Accordingly, the agency is ORDERED to produce evidence that it has reassessed the appellant's qualifications for positions in the 0343, 0544, 0503, and 0525 series at the GS-05 and GS-04 levels. If the agency finds that the appellant is not qualified for any of these positions, the agency must provide a

---

[3] The agency's position in its response contradicts its earlier pleading indicating that the appellant would be placed in a position and receive back pay. CRF, Tab 8 at 4.

sworn affidavit stating with specificity the exact steps that were taken to assess the qualifications and precisely why the appellant was deemed unqualified for each position. The agency must provide all of the documentation upon which its determination is based. If, upon a complete review the agency finds the appellant qualified for one of the identified positions, then the agency must cancel the appellant's separation and place her in one of those positions or a position of like grade, pay, tenure, and commuting area. If placed into one of the identified or like positions, the agency must issue payment to the appellant for the appropriate amount of back pay, with interest, and adjust benefits with appropriate credits and deductions in accordance with Office of Personnel Management regulations. Satisfactory evidence of compliance with this Order shall be submitted to the Office of the Clerk of the Board within 20 calendar days of the date of this Order.

¶7     The agency is further ORDERED to identify, by name and address, the agency official charged with complying with the Board's order. If evidence of compliance is not received, the agency shall show cause why sanctions, pursuant to 5 U.S.C. § 1204(a)(2) and (e)(2)(A) and 5 C.F.R. § 1201.183, should not be imposed against the responsible agency official.

## NOTICE TO THE APPELLANT

¶8     Following the agency's submission of evidence, the appellant may respond no later than 15 calendar days after the date shown on the agency's certificate of service. The response may be filed electronically through https://e-appeal.mspb.gov/, by facsimile to (202) 653-7130, or by mail to:

Clerk of the Board
Merit Systems Protection Board
1615 M Street NW
Washington, DC 20419

¶9    The appellant's response must be served on the agency and proof of such service must be provided to the Board. If the appellant does not respond, the Board may assume she is satisfied and dismiss the petition for enforcement as moot.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.